**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 12 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE WONDERFUL COMPANY LLC; WONDERFUL CITRUS PACKING, LLC, | No. 23-3527 |
| | D.C. No. 2:22-cv-08249-FLA-MAA |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM* |
| STARR INDEMNITY AND LIABILITY COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted November 7, 2024**
Pasadena, California

Before: PARKER***, HURWITZ, and DESAI, Circuit Judges.

Wonderful Citrus Packing, LLC ("Wonderful") appeals the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals, Second Circuit, sitting by designation.

Rule 12(b)(6) dismissal of its diversity action against Wonderful's insurer, Starr Indemnity and Liability Company ("Starr"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court held that a defamation per se finding in a defamation action that resulted in a large verdict against Wonderful established that Wonderful had committed a "willful" act barring indemnification under California Insurance Code § 533, which provides in relevant part that "[a]n insurer is not liable for a loss caused by the wilful [sic] act of the insured."

Wonderful argues that because "an intention to cause harm is not a necessary element" of defamation per se, successful "claims for defamation per se do not automatically trigger Section 533's exclusion of insurance coverage." But, a "preconceived design to inflict harm" is not required under § 533 "when the insured seeks coverage for an intentional and wrongful act if the harm is inherent in the act itself." *J.C. Penney Cas. Ins. Co. v. M.K.*, 52 Cal. 3d 1009, 1025 (1991). "[T]he question is not whether the insured subjectively intended to cause harm, but whether the conduct was intentional and inherently harmful." *Aetna Cas. & Sur. Co. v. Superior Ct. of Orange Cnty.*, 19 Cal. App. 4th 320, 331 (1993); *see also Save Mart Supermarkets v. Underwriters at Lloyd's London*, 843 F. Supp. 597, 605 (N.D. Cal. 1994).

Defamation is an intentional tort. *Cornell v. Berkeley Tennis Club*, 18 Cal.

App. 5th 908, 946 (2017).  And defamation per se is inherently harmful because it "has a natural tendency to injure," *id*., and thus the mere "utterance of such words is actionable without proof of special damage." *Albertini v. Schaefer*, 97 Cal. App. 3d 822, 829 (1979).  The jury's finding of defamation per se thus establishes a willful act under § 533.

2.  The district court also correctly noted that the jury's finding of malice meant that § 533 barred indemnification.  The verdict form in the defamation action asked whether Wonderful had acted either "with hatred or ill will toward" the plaintiff employee when it made the statements at issue or with "no reasonable grounds for believing the truth of the statements."  The jury's affirmative answer established actual malice.  *See, e.g.*, *Taus v. Loftus*, 40 Cal. 4th 683, 721 (2007).  Because actual malice "necessarily involves the process of the mind and its thinking," such a finding "imports willfulness" and "is a 'willful act' within the meaning of section 533." *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 503 (1998) (cleaned up).

3.  We decline Wonderful's suggestion that we certify the questions presented to the California Supreme Court.  We normally engage in certification only when "state law issues are unclear," *Potter v. City of Lacey*, 46 F.4th 787, 791 (9th Cir. 2022), and that is not the case here.

**AFFIRMED.**

3                                            23-3527